# United States District Court

_____MIDDLE_____ DISTRICT OF _____ALABAMA_____

UNITED STATES OF AMERICA

v.

ISRAEL AZUARA-SANCHEZ

CRIMINAL COMPLAINT

CASE NUMBER: 3:06mj138-SRW

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __December 11, 2006__ in __Lee__ county, in the **Middle** District of **Alabama** defendant(s) did, (Track Statutory Language of Offense)

**being an alien, knowingly re-enter the United States after having been deported, without obtaining the permission of the Secretary of Homeland Security or the Attorney General of the United States,**

in violation of Title ___8___ United States Code, Section(s) __1326(a)__.

I further state that I am a(n) __ICE Officer__ and that this complaint is based on the following facts:
Official Title

### SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

**December 11, 2006**                                   at   **Montgomery, Alabama**
Date                                                         City and State

**SUSAN RUSS WALKER, U.S. Magistrate Judge**           _____
Name and Title of Judicial Officer                      Signature of Judicial Officer

**AFFIDAVIT**

I, David E. Henderson, being duly first sworn, do hereby state and affirm that:

I am a duly sworn Special Agent of the U.S. Immigration and Customs Enforcement (ICE) assigned to the office of the Resident Agent in Charge, Mobile, Alabama. I have been employed as a federal agent for approximately six years. One of my principal assignments has been to conduct criminal investigations of persons involved in violation of the United States Code relating to Title 8 - Aliens and Nationality along with other violations of federal law.

On December 11, 2006, Alabama State Trooper E. Lashley stopped a 1998 Chevrolet Cavalier bearing Alabama registration 62C117V on County Road 54 near the intersection of Lee Road 146 in Lee County, Alabama for a traffic violation of speeding. Upon approaching the vehicle, Trooper Lashley asked the driver, later identified as Israel AZUARA-Sanchez, for identification. AZUARA presented Trooper Lashley with a Mexican voter registration card in his name. Trooper Lashley then requested assistance from Alabama State Trooper/ICE officer Corporal S. Capps. Corporal Capps arrived on the scene and conducted checks of AZUARA through the Law Enforcement Support Center (LESC). The LESC advised Corporal Capps that AZUARA had possibly been deported from the United States on a prior occasion. I was then contacted by Corporal Capps who advised me of the traffic stop. I advised Corporal Capps to transport AZUARA to the Montgomery HIDTA office for further investigation. Trooper Lashley subsequently issued AZUARA citations for Speeding, No Drivers License and No Proof of Insurance.

Upon arriving at the HIDTA office, HIDTA Task Force Officer (TFO) F. Aponte and I interviewed AZUARA. Prior to interviewing AZUARA, I advised AZUARA of his constitutional rights, as per Miranda in the Spanish language. AZUARA acknowledged orally and in writing that he understood his rights and proceeded to make a voluntary statement. Upon questioning, he freely admitted to being a native and citizen of Mexico, who last entered the United States illegally on or about October 2005 near Laredo, Texas. AZUARA acknowledged that he had been previously deported from the United States. AZUARA further stated that he was

aware that his actions related to reentering the United States were illegal. Additional Immigration checks reveal that he was last removed from the United States to Mexico on April 20, 2000 at Laredo, Texas. A review of the official file indicates that AZUARA failed to obtain permission from the Attorney General of the United States or the Secretary for the Department of Homeland Security to reenter the United States legally.

Israel AZUARA-Sanchez is in violation of, but not limited to, Title 8 U.S.C. 1326(a), reentry of deported alien without the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security. The penalty, upon conviction, for this offense shall be a fine under Title 18, or imprisoned not more than 2 years, or both.

_____
David E. Henderson, Affiant
U.S. Department of Homeland Security
Immigration and Customs Enforcement

Sworn to and subscribed before me
this 11th day of December, 2006.

_____
United States Magistrate Judge